IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 APR 25  A 11: 34

CLERK
S. DIST. OF GA.

UNITED STATES OF AMERICA            )
                                    )
v.                                  )        CR 106-140
                                    )
TREMAYNE DEVON CLARK                )

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant

Tremayne Devon Clark.[1]  The United States of America, by and through its attorney,

Edmund A. Booth, Jr., Acting United States Attorney, and Patricia Green Johnson, Assistant

United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION

As to Defendant Clark's general discovery requests, (doc. no. 18), the government

responds that it has provided "open file" discovery in this case.  The government has

provided all Defendants with discovery materials consisting of investigative reports,

scientific reports, and other documents material to this case (attorney and agent work product

excepted).  All known statements by Defendants have also been produced, as have their

respective criminal records.  Accordingly, the Court finds that the position of the United

States Attorney in permitting full disclosure of the government's file pertaining to this case

---

[1]Defendant Carlos Deandre Kyler pleaded guilty before the Honorable Dudley H.
Bowen, Jr., United States District Judge, on March 21, 2007. (Doc. nos. 59-61). Defendant
Kendrick Andreus Geter pleaded guilty before Judge Bowen on April 23, 2007. (Doc. no.
65).

renders Defendant's discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel are reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to any Defendant shall be maintained by Defendants and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing Defendant's specific requests for disclosure:

1. **NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:**

A separate motion was filed seeking this identical discovery, and therefore, this request is addressed below.

2. **NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:**

This request was addressed in a prior order (doc. no. 12), and is, therefore, **MOOT**.

3. **DEFENDANT'S STATEMENTS:**

In light of the government's liberal discovery policy, and in light of the government's disclosure that all known statements by all Defendants have been produced, this request is **MOOT**.

### 4. "CATCHALL" HEARSAY EXCEPTIONS:

The Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant.

### 5. CO-CONSPIRATORS' HEARSAY EXCEPTIONS:

Defendant Clark seeks an order compelling the government to disclose all co-conspirator(s') statements. In support of his request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of "statements made by the defendant(s)," mandates disclosure of co-conspirator(s') statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator(s') statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J, concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator(s') statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement

3

made by the defendant." Any discovery of co-conspirator(s') statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator(s') statements is **DENIED**.

## 6. **DEFENDANT'S PRIOR RECORD:**

The government has responded that it has provided Defendant's known criminal record in discovery. This request is therefore, **MOOT**.

## 7. **DOCUMENTS AND TANGIBLE OBJECTS:**

The government has indicated its willingness to comply with this request, and Defendant's request is therefore, **MOOT**.

## 8. **WITNESS NAMES AND ADDRESSES:**

Defendant Clark requests that the government be ordered to furnish a complete list of witnesses and their addresses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose Jencks or Brady material. This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with his request not more than ten (10) days prior to trial. Therefore, this request is **DENIED**.

## 9. CRIMINAL RECORDS OF ALL WITNESSES:

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of all witnesses. The Confrontation Clause guarantees a criminal defendant an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Crim. P. 609. Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request is **DENIED**.

## 10. WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:

Defendant argues that pursuant to Fed. R. Crim. P. 16 (a)(1)(C), he is entitled to disclosure of statements of witnesses the government does not intend to call as witnesses.[2] The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> > (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), discovery by a defendant is still barred

---

[2]It appears that Defendant may have actually intended to reference Rule 16(a)(1)(E). The rule cited, Rule 16(a)(1)(C), applies to an organizational defendant. There is no such defendant in this case.

by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

## 11. INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:

Defense counsel seeks the disclosure of the identity of any informants whose testimony the government intends to use at trial. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d. 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979). The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least one week prior to trial. Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required

when informant identity requested). Defendant's request for discovery of informants is therefore, **GRANTED**, as set forth herein.

## 12. REPORTS AND CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:

Defendant requests the production of all written reports of any scientific analysis or chemical analysis conducted by the government. The government states that the results of any scientific tests have been included in the discovery materials, and if any further tests are conducted in the future, the results will be provided upon their receipt. Therefore, this request is **MOOT**.

## 13. EXEMPLARS OF TESTS, FINGERPRINT IMPRESSIONS:

Defendant requests the production of any handwriting or voice exemplars, fingerprint impressions, or other materials obtained by whatever means or process which the government intends to offer into evidence. The government states that it is not aware of any tests, but it is willing to provide any reports if ay testing occurs. Therefore, this request is **MOOT**.

## 14. TRANSCRIPT OF GRAND JURY TESTIMONY:

Defendant seeks disclosure of grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury.... Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976) (showing of need justifying disclosure of grand jury transcripts must include more than an unsubstantiated assertion of impropriety); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22

(11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not even attempted to show a need for them. Accordingly, the request for disclosure of grand jury proceedings is **DENIED**. The Court is aware that the government has stated its intent to provide Jencks Act materials seven (7) days prior to trial.

15. **DEMAND FOR EXCULPATORY EVIDENCE:**

Defendant Clark seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This request is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

16. **SUBSTANCE OR PROMISES OR PLEA BARGAINS BETWEEN WITNESSES AND GOVERNMENT:**

In light of the government's liberal discovery policy, this request is **MOOT**.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Clark filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated December 5, 2006 (doc. no. 12), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 19).

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 20), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant Clark seeks the disclosure of all electronic surveillance. The government deems this motion satisfied by the disclosure of its entire investigatory file. In light of the government's "open file" discovery policy, the Court expects that the government has provided copies of all tape recorded conversations and transcripts of the recordings to Defendant. Also, if it has not done so already, the government will also make the originals available to counsel for Defendant. Therefore, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 21).

## PRELIMINARY MOTIONS FOR SEVERANCE and SUPPRESSION

These motions for severance and suppression were filed to preserve Defendant Clark's right to particularize the motions at a later date. These motions are, however, **NULLITIES**. (Doc. nos. 23, 26). A motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). Moreover, on January 22, 2007, the Court issued an order instructing Defendant Clark that if he intended to particularize his motions, he must do so within ten (10) days. He failed to do so. Should Defendant Clark desire to file a particularized motion at a time subsequent to this order, he must adequately explain his failure to timely file same.

11

## MOTION FOR NOTICE OF INTENT TO USE
## EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

The purpose of this motion is to give Defendant advance notice of any arguably suppressible evidence which will be used at trial. In this case, the attorney for the government has granted liberal discovery, giving Defendant access to all recordings of the alleged criminal transactions or statements, rap sheets, and physical evidence. This discovery should eliminate the possibility of surprise at trial. Therefore, the motion is **DENIED**. (Doc. no. 25).

SO ORDERED this 25th day of April, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA     *

        vs.              *      CASE NO. 1:06-cr-140

TREMAYNE DEVON CLARK     *

                              *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

    1.    Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

    2.    That the aforementioned envelope(s) contain a copy of the documents known as order           dated 4/25/07         , which is part of the official records of this case.

Date of Mailing:    4/25/07

Date of Certificate:    4/25/07

                         SCOTT L. POFF, CLERK

                         By *L. Fletcher*
                         :

NAME:

1. Tremayne Devon Clark
2. Jacque Hawk
3.
4.
5.
6.
7.

Cert/Copy

| | | |
|---|---|---|
| ☐ ☐ | District Judge | |
| ☐ ☒ | Magistrate Judge | |
| ☐ ☐ | Minutes | |
| ☐ ☐ | U.S. Probation | |
| ☐ ☐ | U.S. Marshal | |
| ☐ ☒ | U.S. Attorney | |
| ☐ ☐ | JAG Office | |

Cert/Copy

| | | |
|---|---|---|
| ☐ ☐ | Dept. of Justice | |
| ☐ ☐ | Dept. of Public Safety | |
| ☐ ☐ | Voter Registrar | |
| ☐ ☐ | U.S. Court of Appeals | |
| ☐ ☐ | Nicole/Debbie | |
| ☐ ☐ | Ray Stalvey | |
| ☐ ☐ | Cindy Reynolds | |