IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2009 NOV 26 AM 8: 24

AUGUSTA DIVISION

TREMAYNE CLARK,                    )
                                   )
            Petitioner,            )
                                   )
    v.                             )        CV 108-116
                                   )          (Formerly CR 106-140)
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C.

§ 2255. On October 20, 2008, the government submitted its response to the motion. For the

reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be

**GRANTED** as to the out-of-time appeal, and **DISMISSED** without prejudice as to all other

claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an

identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

## I.    BACKGROUND

On November 16, 2006, a federal grand jury returned a ten count indictment for

distribution of cocaine base under 21 U.S.C. § 841(a)(1) against Petitioner and two co-

defendants. United States v. Clark, CR 106-140, doc. no. 1 (S.D. Ga. Nov. 16, 2006)

(*hereinafter* "CR 106-140"). Petitioner retained Jacque D. Hawk as counsel and pleaded

guilty to count two of the indictment on May 24, 2007.[1]  Id. at doc. no. 73.  Petitioner was

sentenced on August 16, 2007, to, *inter alia*, 132 months of imprisonment.[2]  Petitioner did

not appeal the sentence, but he filed his § 2255 motion on August 14, 2008.  In the motion,

Petitioner asserts that his defense counsel did not file an appeal after being instructed to do

so; he also claims that his defense counsel was ineffective for failing to object to the

Probation Officer's assessment of criminal history points in his Presentence Investigation

Report pursuant to "clarifying amendment 709."[3]  (Doc. no. 1, p. 5).

The Court directed Respondent to file its response to Petitioner's § 2255 motion (doc.

no. 3), and on October 20, 2008, Respondent did so (doc. no. 5).  Respondent, with the

consent of Mr. Hawk, Petitioner's defense counsel in the underlying criminal proceeding,

concedes that Petitioner is entitled to an out-of-time appeal.  However, concerning

Petitioner's second claim, Respondent argues that Petitioner is precluded from collaterally

attacking the sentence imposed in this case because of the collateral attack waiver contained

in his plea agreement.  (Id. at 4).  The Court resolves the issue as follows.

---

[1]The plea agreement contained a collateral attack waiver.  CR 106-140, doc. no. 72.

[2]Judgment was entered on August 20, 2007.  CR 106-140, doc. no. 78.

[3]Petitioner claims that his misdemeanor convictions should not have counted under United States Sentencing Guideline § 4A1.2, and that, absent the criminal history points for these convictions, he would have qualified for a "safety valve" reduction.  (Doc. no. 1, pp. 5-6, 8).

## II.    DISCUSSION

To establish ineffective assistance of counsel, Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was inside "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

When reviewing appellate counsel's performance, there is a strong presumption that it falls within the "wide range of reasonable professional assistance," and thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" Id. at 689. Furthermore, strategic decisions are entitled to a "heavy measure of deference." Id. at 691. As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the [appellate stage] could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

Under the second prong of Strickland, Petitioner is required to establish prejudice from any deficient performance. Strickland, 466 U.S. at 687. However, the Court is

mindful that in the Eleventh Circuit, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal."[4] Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (explaining that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner). Thus, it is not necessary that Petitioner demonstrate any additional prejudice aside from the lost opportunity to appeal.

In this case, Respondent states that, after receiving the instant motion, it contacted Mr. Hawk, Petitioner's defense counsel in the underlying criminal proceedings. (Doc. no. 5, p. 4). According to Respondent, "With the consent of Mr. Hawk, [Petitioner's] Rule 11 and sentencing counsel, the government concedes that [Petitioner] is entitled to an out-of-time direct appeal." (Id.). As such, the appropriate remedy for this situation, then, is to allow Petitioner to pursue an out-of-time appeal.

When a court determines that an out-of-time appeal in a criminal case is the proper remedy in a § 2255 proceeding, the Eleventh Circuit directs that the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all

---

[4]Indeed, "an attorney's total failure to file an appeal after being instructed to do so will *always* entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*) (quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983)(emphasis added)).

4

the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court recommends that the procedure set forth in Phillips be followed in this case to re-institute Petitioner's right to appeal. Unless Petitioner elects to retain his own counsel for the appeal,[5] the Court recommends that the presiding District Judge appoint counsel prior to the reimposition of his sentence. After the reimposition of Petitioner's sentence, Petitioner, through counsel, will be allowed ten days in which to file a formal notice of appeal.

## III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the out-of-time appeal, and **DISMISSED** without prejudice as to all other claims,[6] that the judgment in Petitioner's underlying criminal case

---

[5]If Petitioner does choose to retain his own counsel for the appeal, he is **DIRECTED** to file a notice with the Court indicating his intention to retain counsel within the time period allowed for filing objections to this Report and Recommendation. Otherwise, the Court will appoint counsel to represent Petitioner.

[6]The Court is aware that Petitioner has also claimed that his defense counsel was ineffective for failing to object to the probation officer's assessment of his criminal history points in his Presentence Investigation Report. Although couched in the terms of an ineffective assistance of counsel claim, it appears Petitioner is attacking his two level enhancement under the sentencing guidelines. (See doc. nos. 1, 6). The government contends this claim is barred by the appeal and collateral attack waiver contained in Petitioner's plea agreement. (Doc. no. 5, pp. 5-9). However, in light of the recommendation allowing an out-of-time appeal, the Court declines to take up this second issue at this time. Although the government believes the Eleventh Circuit will reject this appeal (id. at 5), the fact remains that challenges to sentencing guidelines may be brought on direct appeal. Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996). Thus, if the Eleventh Circuit were to address this issue, it would directly impact, possibly resolve the purpose of the ineffective assistance of counsel claim in this § 2255 motion. As such, the Court Reports

5

be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 26th day of November, 2008, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

and Recommends that Petitioner's second claim be dismissed without prejudice.